EMBRY, Justice.
The ground assigned by petitioner on the basis of which he asks this court to issue the writ of certiorari is that the decision of the Court of Criminal Appeals is in conflict with the decision of this court in Williams v. State, 291 Ala. 213, 279 So.2d 478 (1973). Petitioner states that the holding of the appeals court that:
“ ‘The appellant contends that the trial judge erred in admitting hearsay testimony by Fairfield Police Officer Fred Smith by allowing him over objection to testify as to the Georgia license tag number given to him by Mr. Hollifield, and that such was not connected up by Mr. Hollifield’s testimony.
“ ‘We are of the opinion that the trial judge properly admitted this testimony in rebuttal by the State as being a part of the official investigation of the officers in question.
“ ‘Such information pertaining to the Georgia tag number sheds light on the main fact of the robbery and was therefore properly admitted by the trial judge.’ ”
conflicts with the holding in Williams that:
“ ‘For a statement to be admissible as part of the res gestae exception to the hearsay rule, it must be incident to what was done, as shedding light on the main fact. .
“ ‘. . . . The statement in this case required no particular reflection or thought.’ ”
The appeals court reached the correct result in this case but gave the wrong reason for the admissibility of the testimony of Officer Fred Smith. The testimony was not admissible because the information was gained from an official investigation but because it was admissible to prove the fact of a report to the police, rather than the truth of the contents of such report, to corroborate the testimony of the witness who gave the report to the police, who later identified the vehicle, and thus was in rebuttal of petitioner’s case. See McElroy’s Alabama Evidence, 3d Ed., § 273.01, p. 610.
WRIT DENIED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER and BEATTY, JJ., concur.
JONES and ALMON, JJ., would grant the writ, therefore dissent.